```
 1 | MARC J. FAGEL (CA Bar No. 154425)
   | JOHN S. YUN (CA Bar No. 112260)
 2 |   Email: yunj@sec.gov
   | THOMAS J. EME (Admitted to Ill. Bar)
 3 |   Email: emet@sec.gov
   |
 4 | Attorneys for Plaintiff
   | SECURITIES AND EXCHANGE COMMISSION
 5 | 44 Montgomery Street, Suite 2800
   | San Francisco, California 94104
 6 | Telephone: (415) 705-2500
   | Facsimile: (415) 705-2501
 7 |
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| SECURITIES AND EXCHANGE COMMISSION, | Case No. C-11-04741 |
|---|---|
| Plaintiff, | [~~PROPOSED~~] DEFAULT JUDGMENT OF EQUITABLE AND OTHER RELIEF AGAINST DEFENDANT JASON GEORGE RIVERA, JR. |
| vs. | |
| JASON GEORGE RIVERA, JR., MARC CHRISTOPHER HARMON, THE JOSEPH RENE CORPORATION and EXECUTIVE MEMBERS MANAGEMENT GROUP, | |
| Defendants. | |

With the Securities and Exchange Commission having filed a Complaint and Defendant Jason George Rivera, Jr. ("Defendant") having failed to appear and therefore being in default, the Court hereby enters this Default Judgment of Equitable and Other Relief against Jason George Rivera, Jr. ("Judgment") based upon the Complaint's allegations and the evidence received:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently

DEFAULT JUDGMENT AGAINST JASON GEORGE RIVERA, JR.
Case No. C-11-04741-SI

restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

DEFAULT JUDGMENT AGAINST JASON GEORGE RIVERA, JR.    2
Case No. C-11-04741-SI

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED that Defendant and Defendant's agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, are permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2)], by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is jointly and severally liable with defendant The Joseph Rene Corporation for disgorgement of $4,486,283, representing ill-gotten gains from the conduct alleged in the Complaint, plus prejudgment interest thereon of $644,742, for a total of $5,131,025. Defendant is also jointly and severally liable with defendants Marc Christopher Harmon and Executive Members Management Group for disgorgement of $3,200,000, representing ill-gotten gains from the conduct alleged in the Complaint, plus prejudgment interest thereon of $194,426, for a total of $3,394,426. Defendant shall furthermore pay a total of $_130,000.00_ in civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant shall satisfy these obligations by paying a combined $8,525,451 in disgorgement and interest and by paying $_130,000.00_ in civil penalties within 30 days after entry of this Judgment to the Clerk of this Court, together with a cover letter identifying Jason George Rivera, Jr. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts,

the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

VI.

The Commission may by motion propose a plan, subject to the Court's approval, to distribute funds Defendant pays as disgorgement and interest in this civil matter.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and conducting any further hearings.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: May 16, 2012

_Susan Illston_
Judge Susan Illston
UNITED STATES DISTRICT COURT