MARC J. FAGEL (CA Bar No. 154425)
JOHN S. YUN (CA Bar No. 112260)
  Email: yunj@sec.gov
THOMAS J. EME (Admitted to Ill. Bar)
  Email: emet@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JASON GEORGE RIVERA, JR., MARC CHRISTOPHER HARMON, THE JOSEPH RENE CORPORATION and EXECUTIVE MEMBERS MANAGEMENT GROUP,<br><br>Defendants. | Case No. C-11-04741<br><br>[PROPOSED] DEFAULT JUDGMENT OF EQUITABLE AND OTHER RELIEF AGAINST DEFENDANT MARC CHRISTOPHER HARMON |

With the Securities and Exchange Commission having filed a Complaint and Defendant Marc Christopher Harmon ("Defendant") having failed to appear and therefore being in default, the Court hereby enters this Default Judgment of Equitable and Other Relief against Marc Christopher Harmon ("Judgment") based upon the Complaint's allegations and the evidence received:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently

restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78p(a)] through use of the mails or means or instrumentalities of interstate commerce, in effecting transactions in, and inducing or attempting to induce the purchase or sale of, securities (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) while not

1 | registered with the Commission as a broker or dealer or associated with an entity registered with the

2 | Commission as a broker-dealer.

3 |

4 | V.

5 | IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

6 | jointly and severally liable with defendants Jason George Rivera, Jr. and Executive Members

7 | Management Group for disgorgement of $3,200,000, representing ill-gotten gains from the conduct

8 | alleged in the Complaint, plus prejudgment interest thereon of $194,426, for a total of $3,394,426.

9 | Defendant shall also pay $ 130,000.00 in civil penalties pursuant to Section 20(d) of the Securities Act

10 | [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant

11 | shall satisfy these obligations by paying the $3,394,426 in disgorgement and interest and the

12 | $ 130,000.00 in civil penalties within 30 days after entry of this Judgment to the Clerk of this Court,

13 | together with a cover letter identifying Marc Christopher Harmon as a defendant in this action; setting

14 | forth the title and civil action number of this action and the name of this Court; and specifying that

15 | payment is made pursuant to this Judgment. Defendant shall simultaneously transmit photocopies of

16 | such payment and letter to the Commission's counsel in this action. By making this payment,

17 | Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the

18 | funds shall be returned to Defendant. The Clerk shall deposit the funds into an interest bearing

19 | account with the Court Registry Investment System ("CRIS") or any other type of interest bearing

20 | account that is utilized by the Court. These funds, together with any interest and income earned

21 | thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of

22 | the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the

23 | Administrative Office of the United States Courts, the Clerk is directed, without further order of this

24 | Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the

25 | income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of

26 | the United States. The Commission may propose a plan to distribute the Fund subject to the Court's

27 | approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC

28 | § 1961.

VI.

The Commission may by motion propose a plan, subject to the Court's approval, to distribute funds Defendant pays as disgorgement and interest in this civil matter.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and conducting any further hearings.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: May __16__, 2012

_____
Judge Susan Illston
UNITED STATES DISTRICT COURT